[Cite as *In re D.M.*, 2026-Ohio-2921.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

IN RE: D.M.,                                    :

     Adjudicated Neglected/                    :
     Dependent Child.                         :       Case No.  26CA4183

                                              :

                                              :

                                              :       <u>DECISION AND JUDGMENT</u>
                                              :       <u>ENTRY</u>

                                              :

---

**<u>APPEARANCES</u>**:

Alana Van Gundy, Bellbrook, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and S. Andrew Sturgill, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

---

Smith, P. J.

{¶1}  Appellant, F.M., appeals the trial court's judgment that placed her 11-year-old child, D.M., in the permanent custody of Scioto County Children Services ("the agency").  In her first assignment of error, appellant argues that the trial court violated her due process rights by proceeding without perfecting service.  In her second assignment of error, appellant contends that the trial court erred by determining that she had abandoned the child.  However, appellant's brief does not comply with App.R. 16(A)(7)'s requirement to cite to the authorities that support

appellant's contentions.  Accordingly, we disregard appellant's assignments of error and affirm the trial court's judgment.

FACTS

{¶2}  On March 2, 2022, the agency filed a complaint that alleged that the child was a "neglected/dependent child."  The affidavit attached to the complaint asserted that the agency received a referral that reported drug use in the home where the child lived with appellant, the maternal grandfather, and the grandfather's girlfriend.  A caseworker investigated, and appellant admitted that she used heroin.  She also tested positive for amphetamine, methamphetamine, and fentanyl.

{¶3}  The trial court subsequently adjudicated the child "neglected/dependent" and placed the child in the agency's temporary custody.

{¶4}  On May 24, 2024, the agency filed a motion to modify the disposition to permanent custody.  The agency alleged that the child had been in its temporary custody for 12 or more months of a consecutive 22-month period and that placing the child in its permanent custody would serve his best interest.

{¶5}  The trial court later held a hearing to consider the agency's permanent custody motion.  At the hearing, the agency presented the following evidence.  The agency removed the child from appellant's custody when the child was eight years of age due to concerns regarding drug use and "deplorable home conditions."  The

child has been in the agency's temporary custody since the March 2022 removal. At the time of the hearing, the child lived in a group home. He previously had been placed in a residential treatment center. Before entering the treatment facility, the child had been placed in nine different foster homes.

{¶6} In October 2023, appellant was jailed for a probation violation. At that time, she had not yet engaged in any substance abuse treatment programs. In March 2024, she entered a treatment program, but she left the same day that she enrolled. That same month, appellant was charged with receiving stolen property and ordered to enter a community-based correctional facility. In July 2024, appellant was indicted for aggravated possession of drugs. She later agreed to plead guilty and was placed on probation for three years. At the time of the hearing, appellant was living in transitional housing.

{¶7} On January 27, 2026, the trial court granted the agency permanent custody of the child. The trial court found that the child had been in the agency's temporary custody for 12 or more months of a consecutive 22-month period and that placing the child in the agency's permanent custody would serve his best interest. Accordingly, the court granted the agency permanent custody of the child. This appeal followed.

ASSIGNMENTS OF ERROR

I.   THE COURT VIOLATED MOTHER'S DUE PROCESS RIGHTS WHEN [IT] PROCEEDED WITHOUT PERFECTION OF SERVICE OR A WAIVER OF SERVICE.

II.  THE TRIAL COURT ERRED WHEN IT FOUND MOTHER ABANDONED THE CHILD WHEN THERE WAS NO CONCRETE EVIDENCE THAT SHE HAD ABANDONED D.M.

{¶8} We first observe that appellant's brief does not comply with App.R. 16(A)(7), which requires an appellant's brief to include an argument that contains the appellant's contentions "and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." When an appellant fails to support the appellant's contentions with citations to the authorities on which those contentions rest, a court may choose to disregard the assignment of error. *See In re B.L.F.*, 2021-Ohio-1926, ¶ 36 (4th Dist.) ("[a]ppellate courts possess discretion to disregard any assignment of error that fails to include citations to the authorities in support"); *see also State v. Clark*, 2025-Ohio-4410, ¶ 29 (Hawkins, J., concurring) ("when the appellant's brief does not comply with App.R. 16(A)(7)'s requirement that argument's be properly raised and presented with citations to legal and record support, the appellate court has discretion to disregard those issues—but is not obligated to do so"); *In re A.N.*, 2026-Ohio-1646, ¶ 67 (8th Dist.), quoting *Strauss v. Strauss*, 2011-Ohio-3831, ¶

72 (8th Dist.) (" '[a]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)' "); App.R. 12(A)(2) (allowing an appellate court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)").

{¶9}  In the case at bar, appellant's brief contains numerous contentions that lack citations to authority.  For example, within her first assignment of error, appellant states that "Ohio courts have consistently recognized that strict compliance with service requirements is required in [permanent custody] proceedings, and failure to perfect service renders any resulting judgment void or voidable."  She further argues that "[r]easonable diligence requires more than minimal or perfunctory efforts; it obligates the moving party to undertake meaningful attempts to locate the parent, including review of available records, contact with known relatives, and use of readily accessible databases."  Appellant does not, however, cite any authority to support these assertions.

{¶10}  In her second assignment of error, appellant likewise does not cite to the authorities that support numerous contentions.  For instance, appellant argues that "Ohio courts have recognized that the mere absence of visitation, standing

alone, does not automatically satisfy the abandonment requirement where evidence shows that the parent attempted to maintain contact but was thwarted by external obstacles." Appellant further contends that " 'contact' under [R.C.] 2151.011(C) is not limited to in-person visitation." Appellant then asserts that "[c]ourts have considered letters, phone calls, virtual communication, and other efforts to maintain a relationship with the child as relevant evidence negating abandonment." She does not, however, support any of these assertions with citations to the authorities that support them.

{¶11} Appellant's brief contains numerous other examples of contentions that lack citations to the authorities on which appellant relies. Remarkably, the table of authorities in appellant's brief lists a total of five authorities: three statutes; one rule of civil procedure; and one rule of juvenile procedure.

{¶12} Given appellant's failure to comply with App.R. 16(A)(7), we disregard her first and second assignments of error.[1] *See Neal v. Gersten*, 2024-Ohio-1405, ¶ 29 (4th Dist.) (disregarding assignments of error that failed to comply with App.R. 16(A)(7)).

{¶13} Having disregarded appellant's two assignments of error, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED**.

---

[1] Even if we were to consider appellant's two assignments of error, they have no merit.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J., concur in Judgment and opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**